FILED (DROP BOX)

JUL 28 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF HAWAII, STATE OF NEW MEXICO, and STATE OF WASHINGTON, *ex rel.* JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>DAIYA HEALTHCARE, PLLC and BHUPINDER WALIA, M.D.,<br><br>Defendants. | CASE NO. 22-CV-565-TSZ<br><br>**FILED UNDER SEAL**<br><br>Noted for Consideration on:<br>July 28, 2022 |

## GOVERNMENTAL ENTITIES' *EX PARTE* APPLICATION FOR A PARTIAL LIFTING OF SEAL

Pursuant to the False Claims Act, 31 U.S.C. §§ 3729–33, the United States of America and the States of Washington, Hawaii, New Mexico, and California (collectively, the "Governmental Entities") respectfully apply to the Court *ex parte* for an Order giving the Governmental Entities discretion to inform Defendants and other necessary parties, including but not limited to, a relator and their counsel who are involved in a separate FCA *qui tam* action involving Defendant Daiya Healthcare, PLLC and similar claims, of the existence of this *qui tam* action, and provide Defendants

*EX PARTE* APPLICATION FOR A PARTIAL LIFTING OF SEAL - 1
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and other necessary parties with a copy of the Relator's Complaint, any future amended complaints, and the Order partially unsealing the case, in order to facilitate the Governmental Entities' investigation. Relator John Doe's counsel has been consulted and concurs with this request.

## PROCEDURAL HISTORY

On April 27, 2022, John Doe filed a Complaint in this action under seal pursuant to the *qui tam* provisions of the FCA and the relevant state false claim statutes, including the Washington State Medicaid Fraud False Claims Act ("MFFCA"), Wash. Rev. Code § 74.66.005, *et seq.*; the California False Claims Act, Cal. Gov't Code §§ 12650, *et seq.*; the Hawaii False Claims Act, Haw. Rev. Stat.§§ 661-21, *et seq.*; the New Mexico Medicaid False Claims Act, NM Stat. Ann. §§ 27-14-1, *et seq.*; and the New Mexico Fraud Against Taxpayers Act, NM Stat. Ann.§§ 44-9-1, *et seq.*; which permit individuals to file actions on behalf of the Governmental Entities. Relator completed service on the Governmental Entities on or about May 2, 2022.

Following completion of service of a *qui tam* action, the FCA and the relevant State analogues afford the Governmental Entities an initial sixty-day period to investigate the relator's allegations and determine whether to intervene in and assume prosecution of the action. *See* 31 U.S.C. §§ 3730(a), (b)(2); Wash. Rev. Code § 74.66.050(2); Cal. Gov't Code § 12652(a)(3); Haw. Rev. Stat.§ 661-25(b); NM Stat. Ann. § 27-14-7(C). The Governmental Entities have received one extension of the seal in this action. The current deadline for an intervention decision is January 1, 2023.

## RELATOR'S ALLEGATIONS

Defendant Daiya Healthcare, PLLC is a Bellevue-based medical provider that provides medical professional services for multiple post-acute and long-term care facilities, including skilled nursing facilities, nursing facilities, and assisted living facilities in Washington State, as well as in

*EX PARTE* APPLICATION FOR A PARTIAL LIFTING OF SEAL - 2
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

California, Hawaii, Idaho, New Mexico, and Oregon. Daiya provides both on-site medical staffing services and telemedicine services and Daiya employees include doctors, nurses, advanced registered nurse practitioners (ARNPs), physician assistants, and other providers. Defendant Bhupinder Walia, M.D. is the founder and CEO of Daiya.

Relator alleges that Defendants have engaged in several fraudulent schemes, primarily involving providing unnecessary medical services, participating in "up-coding" medical billing practices, and by providing patients with unneeded specialty services. Specifically, Relator alleges that Defendants employ off-site Clinical Documentation Specialists (CDSs), Chronic Care Management nurses, and Scheduling nurses, all of whom examine patient medical records and find reasons to schedule appointments with Daiya providers, without consultation from on-site facility nurses or the patients themselves. In Daiya's skilled nursing facilities, the CDSs routinely schedule four provider appointments the first week of a patient's admission, three visits the second week, two visits the third week, and four visits on subsequent weeks, irrespective of the medical necessity of any particular appointment. Defendants routinely schedule providers to see up to 16 patients per day, and at one point, Daiya financially incentivized providers to see 20 patients per day consistently. Daiya did not give individual providers the autonomy to remove patients from the schedule, even if a particular appointment was not medically necessary.

Furthermore, Relator alleges that Defendants instructed providers to "up-code" when billing to exaggerate the amount of care that was actually provided. Relator received a company-wide email from Dr. Walia on December 12, 2020, indicating that Daiya would make changes to the staffing model in order to increase revenues and combat decreasing reimbursement rates, and that employees would receive coaching on documentation. Shortly afterward, Relator was informed that his documentation did not meet Daiya's quality standard, an, in January 2021, Relator was given a

EX PARTE APPLICATION FOR A PARTIAL LIFTING OF SEAL - 3
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory education video training, in which he was instructed by Daiya's Director of Education that he should have billed all recent patient visits with the CPT code 99310, indicating high complexity, and which corresponded to the highest reimbursement rate. Relator believed that the true purpose of the mandatory training was to instruct Relator to bill at the highest level for every patient visit, no matter the patient's condition or the actual services provided by Relator. Relator's Complaint provided numerous examples of instances where Daiya providers began coding all patient visits at higher reimbursement CPT codes, even when the actual documentation of the visit did not justify the higher code.

Finally, Relator alleges that Daiya routinely provides medically unnecessary services through the practice of automatically scheduling specialty encounters at SNFs and billing them as acute visits, even when the only actual services provided are screenings to determine a patient's medical needs. In addition to primary care/internal medicine providers, Daiya employs providers who specialize in areas such as palliative care, psychology, and pain management. Relator alleges that Daiya routinely schedules a psychological screening for all patients whose medical record mentions a mental health-related diagnosis, no matter the patient's current symptoms, and despite the fact that the SNF separately conducts depression screening upon admission. Daiya then routinely scheduled and billed for follow-up appointments with mental health care professionals, even in instances where the specialty provider's initial screening indicated no current mental health concerns. According to Relator, Daiya also routinely scheduled and billed for duplicative pain management visits, even in instances where the primary provider's notes indicated that pain management encounters were not medically necessary.

EX PARTE APPLICATION FOR A PARTIAL LIFTING OF SEAL - 4
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## THE INVESTIGATION

The Governmental Entities have reviewed Relator's Complaint and the documentation submitted by Relator in support of his allegations, assembled an investigative team, and have initiated a comprehensive review of Medicare, Medicaid, TRICARE, Civilian Health and Medical Program of the Department of Veterans Affairs ("CHAMPVA"), and Federal Employees Health Benefits Program ("FEHB") claims data. The Governmental Entities also conducted an initial interview of Relator on June 2, 2022. The investigation is at an early stage and will be significantly enhanced if the Governmental Entities are able to investigate and resolve any potential first-to-file issues that may exist.

## ARGUMENT AND AUTHORITIES

*Qui tam* actions are sealed at their outset to give the Government the opportunity to investigate a relator's allegations without defendants necessarily knowing that they are the subject of an investigation. Specifically, the legislative history of the FCA's *qui tam* provision reveals that:

> Keeping the *qui tam* complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.
>
> . . .
>
> \*          \*          \*          \*
>
> . . . The initial 60-day sealing of the allegations has the same effect as if the *qui tam* relator had brought his information to the Government and notified the Government of his intent to sue. The Government would need an opportunity to study and evaluate the information in either situation. . . .

S. Rep. No. 99-345, at 24 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5289.

Disclosure is in the interests of justice and judicial economy. The existence of *qui tam* cases pending under seal with similar or overlapping claims bears the seeds for potential conflict among

EX PARTE APPLICATION FOR A PARTIAL LIFTING OF SEAL - 5
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

putative relators because each may contend that he or she has a valid stake in any future judgment or settlement with the Defendants. The Governmental Entities submit that the most efficient way to resolve potential conflicts between such relators is to disclose the existence of each of the actions to them so that they may attempt to resolve their potentially competing claims amicably and without litigation. Disclosure will prevent misunderstandings that impede the investigation of this case, distract the relators, and divert the Governmental Entities' resources to resolving relator disputes rather than investigating and pursuing the fraud allegations.

Additionally, the Governmental Entities seek to synchronize their investigation of this matter with their investigations of other potentially similar *qui tam* matters that have been filed or may be filed in this Court or other courts that concern Relator's allegations, Defendants, and any associated or affiliated entity. A partial lift of the seal will facilitate these efforts, enabling the Governmental Entities to address all of these matters simultaneously when conducting certain aspects of their investigation or coordinating with other States, the courts in which the other matters are pending, or the relators for the other matters.

Accordingly, where, as here, the Governmental Entities have determined that a partial lifting of the seal may advance the Governmental Entities' interests and investigation, the Court should partially lift the seal so that it does not encumber the very party Congress intended the seal to benefit. As noted above, Relator's counsel concurs with this request.

## **CONCLUSION**

For the reasons set forth above, the Governmental Entities request permission, at their discretion, to notify Defendants and other necessary parties of this *qui tam* action and provide them with a copy of the Complaint, any future amended complaints, and the Court's Order granting this application.

*EX PARTE* APPLICATION FOR A PARTIAL LIFTING OF SEAL - 6
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 28th day of July, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*signature* WSBA #17204 for

MATT WALDROP, Georgia Bar #349571
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: james.waldrop@usdoj.gov

*Attorneys for the United States of America*


ROBERT W. FERGUSON
Attorney General of Washington State

*signature* WSBA #17204 for

MATTHEW KUEHN, WSBA #30419
Assistant Attorney General
Office of the Attorney General of Washington State
Medicaid Fraud Control Division
On behalf of the States
P.O. Box 40114
Olympia, WA 98504-0124
Phone: 360-586-8888
E-mail: matthew.kuehn@atg.wa.gov

*Attorneys for the State of Washington*

EX PARTE APPLICATION FOR A PARTIAL LIFTING OF SEAL - 7
22-CV-565-TSZ
FILED UNDER SEAL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970