UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WASHINGTON, *ex rel*. JEANETTE NYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DAIYA HEALTHCARE, PLLC,<br><br>Defendant. | C20-1525 TSZ |
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF HAWAI'I, STATE OF NEW MEXICO, and STATE OF WASHINGTON, *ex rel.* JESSICA SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>DAIYA HEALTHCARE, PLLC and BHUPINDER WALIA, M.D.,<br><br>Defendants. | C22-0565 TSZ<br><br>**ORDER** |

THIS MATTER comes before the Court on a motion brought by relator Jessica Scott, docket no. 36 in C22-565, in which relator Jeanette Nyman has joined, see Notice (docket

no. 31 in C20-1525 & docket no. 39 in C22-565), to enforce the attorney fee provision in the settlement agreement effective October 28, 2024, docket no. 27-1 in C20-1525, among the United States of America, the States of California, Hawai'i, New Mexico, and Washington, Daiya Healthcare PLLC ("Daiya"), Bhupinder Walia, M.D., and relators Nyman and Scott. Pursuant to the settlement agreement, Daiya and Walia are required to pay a specified amount to the United States and the States of California, Hawai'i, New Mexico, and Washington (collectively, the "Governmental Entities") in six (6) installments over the period from December 16, 2024, through September 14, 2029, with interest accruing at the rate of four and a quarter percent (4.25%) per annum. *See* Settlement Agreement at 3–4 & Ex. A (docket no. 27-1 in C20-1525). As contemplated in the settlement agreement, *see id.* at 7–8, Daiya, Walia, and relators entered into side letter agreements, pursuant to which relators' counsel would each be paid an agreed upon sum in satisfaction of relators' rights to attorneys' fees and costs under 31 U.S.C. § 3730(d)(2). *See* Exs. A & B to Chapman Decl. (docket nos. 37-1 & 37-2 in C22-565). Daiya's and Walia's payments to relators' attorneys are due "at the same time and in the same percentage" and "subject to the same interest rate" as their installments are owed to the Governmental Entities. *See* Settlement Agreement at 7; Exs. A & B to Chapman Decl.

According to Scott's lawyer, Daiya and Walia paid the statutory attorneys' fees and costs that were due on December 16, 2024. Chapman Decl. at ¶ 2 (docket no. 37 in C22-565). Nyman's counsel appears to have had a different experience. *See id.* at Exs. C & D (indicating that Nyman's counsel did not receive a check in connection with the

December 2024 installment). Scott's and Nyman's lawyers agree that no further payments have been made even though installments were owed to the Governmental Entities on September 14, 2025, and September 14, 2026. *See id.* at ¶¶ 2–7 & Exs. C–G (docket nos. 37, 37-3, 37-4, 37-5, 37-6, & 37-7 in C22-565). In a letter to Daiya and Walia, who are no longer represented by counsel,[1] Scott's attorney expressed his understanding that the Governmental Entities granted an extension with regard to the payment that was due on September 14, 2025, and that Daiya and Walia remitted the amount owed to the Governmental Entities in December 2025. *See* Letter at 1 n.2, Ex. G to Chapman Decl. (docket no. 37-7 in C22-565). Thus, relators' attorneys contend that a correlating percentage of their agreed upon fees and costs should have been provided to them in December 2025. The record does not reflect whether Daiya and Walia made the payments that were due in September 2026 to the Governmental Entities.

Relators' counsel seek an order (i) requiring Daiya and Walia to pay the past due amounts, and (ii) accelerating the remaining payments. Relators' attorneys' request is GRANTED in part as to past due amounts and otherwise DENIED. Daiya and Walia owe significantly more to the Governmental Entities than to relators' lawyers, and they presumably have limited resources, as evidenced by the terms of the settlement agreement concerning the collateral securing the aforementioned debt. Absent explicit agreement by

---

[1] Mark Bartlett of the firm Davis Wright Tremaine LLP executed the settlement agreement on Daiya's behalf, but he did not appear in either action as counsel of record for Daiya or Walia. Bartlett has since indicated to relators' attorneys that he no longer represents Daiya or Walia. *See* Exs. E & F to Chapman Decl. (docket nos. 37-5 & 37-6).

the Governmental Entities, the Court will not give relators' counsel priority over the Governmental Entities to Daiya's and Walia's limited assets. Moreover, because the record is silent regarding whether the deadline for the 2026 installment has been extended, the Court cannot conclude that a third payment of statutory attorney's fees and costs is late.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) The motion brought by relator Jessica Scott, docket no. 36 in C22-565, in which relator Jeanette Nyman has joined, *see* Notice (docket no. 31 in C20-1525 & docket no. 39 in C22-565), to enforce the settlement agreement and related side letter agreements, is GRANTED in part and DENIED in part.

(2) Daiya Healthcare, PLLC and Dr. Bhupinder Walia shall pay to relator Jessica Scott's counsel, Kirk Chapman of Kirk Chapman Law LLC, the principal amount of $29,538.46, together with interest accruing from December 16, 2024, to the present, on the principal balance of $236,304.00, at the rate of four and a quarter percent (4.25%) per annum (*i.e.*, $27.51 per day for 668 days, which equals $18,376.68), for a total of $47,915.14.

(3) The Clerk is DIRECTED to enter judgment in C22-565 consistent with this Order in favor of Kirk Chapman and Kirk Chapman Law LLC and against Daiya Healthcare, PLLC and Bhupinder Walia, M.D., and the judgment amount shall bear interest at the rate set forth in 28 U.S.C. § 1961 until paid in full.

(4) Daiya Healthcare, PLLC shall pay to relator Jeanette Nyman's attorney, Stephen A. Teller of Teller Law, the principal amount of $13,190.54 ($1,465.62 for the first

installment plus $11,724.92 for the second installment), together with interest accruing from September 15, 2024, to the present, on the principal balance of $95,265.00, at the rate of four and a quarter percent (4.25%) per annum (i.e., $11.09 per day for 761 days, which equals $8,439.49), for a total of $21,630.03.

(5) The Clerk is DIRECTED to enter judgment in C20-1525 consistent with this Order in favor of Stephen A. Teller and Teller Law and against Daiya Healthcare, PLLC, and the judgment amount shall bear interest at the rate set forth in 28 U.S.C. § 1961 until paid in full.

(6) The Governmental Entities are DIRECTED to provide a status report within twenty-eight (28) days of the date of this Order concerning Daiya's and Walia's compliance (or lack of compliance) with the terms of the settlement agreement. Such status report may be filed under seal.

(7) The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to Daiya Healthcare, PLLC at 11120 NE 33rd Pl, Suite 202, Bellevue, WA 98004, and to Bhupinder Walia, M.D. at 603 Graham Ave NE, Renton, WA 98059.

IT IS SO ORDERED.

Dated this 15th day of October, 2026.

Thomas S. Zilly

Thomas S. Zilly
United States District Judge